UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDI BUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 1:10-cv-36 |
| | ) |
| BAYER HEALTHCARE | ) |
| PHARMACEUTICALS, INC., and | ) |
| BAYER HEALTHCARE, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff filed this case in this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.)  The Complaint alleges that Defendant Bayer Healthcare, LLC is a Delaware limited liability company, with its principal place of business in Tarrytown, New York. (Compl. ¶ 5.)  Plaintiff's jurisdictional allegations, however, inadequately set forth the Defendant's citizenship.

A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of *each* member of Bayer Healthcare, LLC to ensure that none of its members share a common citizenship with the Plaintiff.[1] *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).  Moreover, citizenship must be

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).  Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003).

"traced through multiple levels" for those members of Bayer Healthcare, LLC who are themselves a partnership or a limited liability company, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Plaintiff is ORDERED to file an amended Complaint forthwith, properly alleging on personal knowledge the citizenship of each member of Bayer Healthcare, LLC and, if necessary, tracing the citizenship of unincorporated associations through all applicable layers of ownership.

SO ORDERED.

Enter for February 4, 2010.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge